# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

Eastern Division

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JAN 08 2024

ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| JEREMY ANDREW THOMPSON | Case No.   2:23-cv-189-TBM-RPM |
| | *(to be filled in by the Clerk's Office)* |
| | |
| -v- | Jury Trial: *(check one)* ☐ Yes ☒ No |
| | |
| SYNCHRONY BANK | |

**AMENDED**

## VERIFIED COMPLAINT FOR A CIVIL CASE
## ALLEGING BREACH OF CONTRACT
### (28 U.S.C § 1331; Federal Question)

JEREMY ANDREW THOMPSON, sues Defendant SYNCHRONY BANK for compensatory, liquidated, and punitive damages and states:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for compensatory, liquidated, and punitive damages in excess of $250,000.
2. At all times material to this lawsuit, JEREMY ANDREW THOMPSON was a resident of the great state of Mississippi.
3. At all times material to this lawsuit, SYNCHRONY BANK was operating its business in the just okay state of Connecticut.
4. SYNCHRONY BANK's headquarters is located at 777 Long Ridge Rd Stamford Connecticut 06902,
5. I don't seem to have a good phone number for them. The lady I had contact with won't return my calls. Her number is supposedly 1-800-419-5010 EXT 4167135. Their email is officeofthepresident@synchronyfinancial.com

6. My own credentials are located on page 6 of this document.
7. The district court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants the district court's "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"
8. Plaintiff's suit against Defendant is based upon the following United States Codes, the Uniform Commercial Code, and the great foundation of our nation, the Constitution of the United States.
9. 12 U.S.C § 83, [No national bank shall make any loan or discount on the security of the shares of its own capital stock.]
10. 12 U.S.C § 1431, [Each Federal Home Loan Bank shall have the power...to borrow and give security therefor and to pay interest thereon...to issue debentures, bonds, or other obligations...]
11. 18 U.S.C § 8, [The term obligation or other security of the United States includes all bonds...checks, or drafts for money drawn by or upon authorized officers of the United States...]
12. 12 U.S.C § 411, [Federal reserve notes, to be issued...for the purpose of making advances to Federal reserve banks, through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States...]
13. 12 U.S.C § 412, [Any Federal reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange...or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof...in no event shall such collateral security be less than the amount of Federal reserve notes applied for.]
14. 15 U.S.C § 1602(f), [The right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.]
15. 15 U.S.C § 1602(g), [The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than for installments or for which the payment of a finance charge is or may be required...and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the fact of the evidence of indebtedness, or if there is no such evidence of indebtedness, by agreement.]
16. 15 U.S.C § 1602(i), [The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are subject of the transaction are primarily for personal, family, or household purposes.]
17. U.C.C. § 3-102, [This article applies to negotiable instruments, does not apply to money]
18. U.C.C. § 3-104(f), [Check means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank...An instrument may be a check even though it is described on its face by another term]

19. U.C.C. § 3-302, [(1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and (2) the holder took the instrument for value, in good faith, without notice that the instrument is overdue or has been dishonored…(v) without notice of any claim to the instrument described in section 3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 3-305(a)]

20. U.C.C. § 3-305(a), [The right to enforce the obligation of a party to pay an instrument is subject to the following:… (ii) duress, lack of legal capacity, or illegality of the transaction, which under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms…(3) a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument.]

21. U.C.C. § 3-305(d), [In an action to enforce the obligation of an accommodation party to pay an instrument, the accommodation party may assert against the person entitled to enforce the instrument any defense or claim in recoupment under subsection (a) that the accommodated party could assert against the person entitled to enforce the instrument, except the defenses of discharge in insolvency proceedings, infancy, and lack of legal capacity.]

22. U.C.C. § 3-603a, [If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract]

23. U.C.C. § 3-309a, [A person not in possession of an instrument is entitled to enforce the instrument if: (1) the person seeking to enforce the instrument (A) was entitled to enforce the instrument when loss of possession occurred…and (3) the person cannot reasonably obtain possession of the instrument because… its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found]

24. U.C.C. § 3-307(a)(1), [Fiduciary means an agent, trustee, partner, or corporate officer or director, or other representative owing a fiduciary duty with respect to an instrument.]

25. U.C.C. § 3-307(a)(2), [Represented person" means the principal, beneficiary, partnership, corporation, or other person to whom the duty stated in paragraph (1) is owed.]

26. U.C.C. § 3-307(b)(1), [Notice of breach of fiduciary duty by the fiduciary is notice of the claim of the represented person.]

27. U.C.C. § 3-307(b)(2), [In the case of an instrument payable to the represented person or the fiduciary as such, the taker has notice of the breach of fiduciary duty if the instrument is (i) taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary, (ii) taken in a transaction known by the taker to be for the personal benefit of the fiduciary, or (iii) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person.]

28. U.C.C. § 3-307(b)(3), [If an instrument is issued by the represented person or the fiduciary as such, and made payable to the fiduciary personally, the taker does not have notice of the breach of fiduciary duty unless the taker knows of the breach of fiduciary duty.]

29. U.C.C. § 3-307(b)(4), [If an instrument is issued by the represented person or the fiduciary as such, to the taker as payee, the taker has notice of the breach of fiduciary

duty if the instrument is (i) taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary, (ii) taken in a transaction known by the taker to be for the personal benefit of the fiduciary, or (iii) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person.]

30. U.C.C. § 3-308, [If the validity of signatures is admitted or proved…a Plaintiff producing the instrument is entitled to payment if the Plaintiff proves entitlement to enforce the instrument under Section 3-301, unless the Defendant proves a defense or claim in recoupment…the right to payment of the Plaintiff is subject to the defense or claim, except to the extent the Plaintiff proves the Plaintiff has rights of a holder in due course which are not subject to the defense or claim.]

31. U.S. Const. art I, § 8. [Congress shall have the power…to pay the debts and provide for the …general welfare of the United States…To borrow money on the credit of the United States.]

32. U.S. Const. art I, § 10. [No state shall…pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts..]

33. This court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

34. On 7 July 2017, Plaintiff and Defendant entered into an agreement whereby Plaintiff provided collateral security for access to its consumer credits.

35. On 18 March 2018, Plaintiff and Defendant entered into an agreement whereby Plaintiff provided collateral security for access to its consumer credits.

36. On March 21, 2019, Plaintiff and Defendant entered into an agreement whereby Plaintiff provided collateral security for access to its consumer credits.

37. There are at least two other securities Plaintiff has with defendant.

38. Plaintiff could not locate the dates of those application's inception.

39. Plaintiff was unaware at the time that the applications were provided they were blank indorsements.

40. Plaintiff was unaware applications were modified by Defendant.

41. Plaintiff has many blank indorsements with Defendant.

42. Plaintiff has never received any consumer credits, interest, or any amount due to the Principal account.

43. Plaintiff has manufactured many securities for SYNCHRONY BANK by using its cards for many years.

44. Plaintiff is due interest on the account.

45. In September, Plaintiff sent payments for multiple accounts.

46. Defendant denied any payments were sent.

47. Defendant refused to perform on behalf the account.

48. Defendant was notified Plaintiff was operating in the capacity of the creditor.

49. Defendant has kept Plaintiff's application security collaterals.

50. Defendant failed to honor the agreement by providing credits due to the plaintiff.

51. Plaintiff attempted to remedy the situation with letters of instructions sent to the Defendant.

52. Letters of instructions explained to Defendant's Chief Financial Officer what to do with credits and interest due on account.

53. Defendant failed to follow instructions in letter titled, "LETTER OF INSTRUCTIONS FOR ALL BILLS" received by Defendant on 17 October 2023.
54. A copy of the letter referenced in #53 is attached as Exhibit A.
55. Defendant failed to follow instructions in letter titled "OPPORTUNITY TO CURE" received by Defendant on 10 December 2023.
56. A copy of the letter referenced in #55 is attached as Exhibit B.
57. Defendant failed follow instructions in letter titled "NOTICE OF DEFAULT" received by Defendant on 3 January 2024.
58. A copy of the letter referenced in #57 is attached as Exhibit C.
59. All letters sent United States Postal Service Certified Mail.
60. Defendant failed to acknowledge the letters of instruction.
61. Defendant failed to provide valuable consideration to Plaintiff's Principal account.
62. Plaintiff was obligated to notify Defendant of the breach.
63. Defendant refused to provide consumer credits to Plaintiff.
64. Defendant's letter of denial are attached as Exhibit D.
65. Defendant's letter stating the credit limit on Plaintiff's Care Credit card was reduced to $310.
66. Defendant denied Plaintiff's application submitted was the security collateral needed to obtain credit.
67. Defendant had fiduciary obligation to perform on the account.
68. Defendant's agent ignored all instructions.
69. Bills of Exchange/Checks for Paypal Card, Paypal Credit, Sam's Club, Care Credit, and Amazon Credit attahed as Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J.

WHEREFORE JEREMY ANDREW THOMPSON, and its agent, demand judgment for compensatory, liquidated, and punitive damages against SYNCHRONY BANK, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

BY

FOR

_____
JEREMY ANDREW THOMPSON, Plaintiff

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause     unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case—related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:          1|8|24

By: ___

Signature of Plaintiff     FOR JEREMY   ANDREW   Thompson

Printed Name of Plaintiff
Street Address             105 Sandra Ln
State and Zip Code         Hattiesburg, MS  39402
Telephone Number           601-673-      9388
Email Address              jthompson 0000 @gmail.com

Evidence Exhibits, Explanations Attachment
2:23-cv-189-TBM-RPM

**Exhibits**

A. Letter of Instructions titled "Letter of Instructions FOR ALL BILLS" claiming credits due to account, sent to CFO. scanned with Certified Mail receipt.

B. Letter of Instructions titled "OPPORTUNITY TO CURE" claiming credits due to account, sent to CFO. scanned with Certified Mail receipt.

C. Letter of Instructions titled "NOTICE OF DEFAULT" claiming credits due to account, sent to CFO. Scanned with Certified Mail receipt.

D. Letter from Defendant stating they would not honor performance or instructions.

E. Letter from Defendant stating the credit limit on Plaintiff's Care Credit card was reduced to $310.

F. Bill of Exchange/Check for Paypal Card, sent to CFO.

G. Bill of Exchange/Check for Paypal Credit, sent to CFO.

H. Bill of Exchange/Check for Sam's Club, sent to CFO.

I. Bill of Exchange/Check for Care Credit, sent to CFO.

J. Bill of Exchange/Check for Amazon credit, sent to CFO.